IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFIC COMMUNITY RESOURCE
CENTER et al.,

       Plaintiffs,

       v.

CITY OF GLENDALE, OREGON et al.,

       Defendants.
_____

Civ. No. 6:13-cv-1272-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Michael J. Cassidy, initially appearing *pro se*, filed a motion for preliminary injunctive relief (#22).[1] This court has jurisdiction under 28 U.S.C. § 1331. Upon review, plaintiff's motion for preliminary injunctive relief (#22) is DENIED without prejudice.

### **PROCEDURAL AND FACTUAL BACKGROUND**

    Plaintiff's claims arise out of alleged Fourteenth Amendment Equal Protection and Due Process Clause violations. Both claims stem from an alleged unconstitutional refusal to issue a Certificate of Occupancy pursuant to ORS § 455.055, and the accrual of fines associated with this refusal.

    Plaintiff, currently president and registered agent of Pacific Community Resource Center (PCRC),[2] resides with fellow plaintiffs at a "16 unit motel" (motel) in Glendale, Oregon. PCRC

---

[1] Plaintiff Cassidy filed a motion for "Expedited Hearing and Order Granting Injunction Pending Final Judicial Review." *See* Pl.s' Mot. Expedited Hr'g and Prelim. Inj. 1, ECF No. 22.
[2] Pacific Community Resource Center is a registered domestic nonprofit corporation in the State of Oregon. *See*

1 – OPINION AND ORDER

is a "contract purchaser" of this motel from Cow Creek Properties, LLC (Cow Creek). Pl.s' Mot. Expedited Hr'g and Prelim. Inj. 3, ECF No. 22. PCRC restricts residential use of this motel to "low-income protected classes." *Id*. at 4. On or about August 23, 2013, the City of Glendale began fining Cow Creek $500 per day for "residential occupancy of commercial Property without a certificate of occupancy." *Id*. at 1. Plaintiff asserts that he, PCRC, and the other plaintiffs, did not receive notice of the city civil hearing associated with this imposition of fines against Cow Creek. *Id*. at 3. Likewise, plaintiff also notes that in an undated open council meeting, the city manager and the code compliance officer[3] told him "[n]o, there is nothing you can apply for, just get 'those people' out of town." *Id*. Plaintiff now seeks immediate injunctive relief. *Id*. at 1.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Plaintiff, initially *pro se*, asserts multiple constitutional violations.[4] Of those asserted, plaintiff's claims under (1) the Due Process Clause and (2) the Equal Protection Clause appear to be best supported by factual allegations at this time.

## I. Fourteenth Amendment Due Process Clause

---

Oregon Secretary of State, *Active Nonprofit Corporations*, https://data.oregon.gov/Business/Active-Nonprofit-Corporations/8kyv-b2kw (last visited Oct. 23, 2013).

[3] From plaintiff's motion, it appears that the City Compliance Officer who made these comments also presided over the city civil penalty hearing. Pl.s' Mot. Expedited Hr'g and Prelim. Inj. 3, ECF No. 22.

[4] "Due Process, Equal Protection – US Constitution 4th, 5th, 6th, and 14th. Bill of Rights[,] Deprivation of Rights – 42 USC, Sec. 1983; 18 USC, Sec. 242." Pl.'s Am. Compl. 3, ECF No. 11.

The Due Process Clause of the Fourteenth Amendment commands that "[n]o State shall . . . deprive any person of life, liberty or property, without due process of law." U.S. CONST. art. XIV, § 1. The Supreme Court has held that this clause covers "a substantive sphere" (substantive due process), *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (citations omitted), and a procedural sphere (procedural due process), *see, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To receive Due Process protection, a claimant must first demonstrate that he or she has a "life, liberty or property" interest that is subject to deprivation. Plaintiff's interest as "contract purchaser" likely meets this threshold requirement. *See, e.g.*, *Green v. Lindsey*, 456 U.S. 444, 450-51 (1982).

Plaintiff generally alleges that he and his fellow residents have been denied Due Process. *See supra* (footnote 4). To the extent that plaintiff seeks relief under substantive due process; his factual allegations are insufficient to demonstrate that he is likely to succeed on the merits. *See e.g.*, *Ferguson v. Skrupa*, 372 U.S. 726, 733 (Harlan, J., concurring) (upholding economic legislation because it "b[ore] a rational relation to a constitutionally permissible objective."). Likewise, under his procedural due process claim, plaintiff's factual allegations are insufficient to demonstrate that he is likely to succeed on the merits.[5] *See, e.g.*, *Green*, 456 U.S. at 456 ("We conclude that in failing to afford appellees adequate notice of the proceedings against them *before issuing final orders of eviction . . . .*") (emphasis added).

## II. Fourteenth Amendment Equal Protection Clause

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. art. XIV, § 1. This is "essentially a direction that all persons similarly situated should be treated

---

[5] For example, plaintiff provides little indication of notice actually provided to Cow Creek.

3 – OPINION AND ORDER

alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "Unless a statute provokes 'strict judicial scrutiny' because it interferes with a 'fundamental right' or discriminates against a 'suspect class,' it will ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose." *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 457-58 (1988).

Plaintiff alleges that he and his fellow residents were denied equal protection of the law based upon their shared characteristic—low socioeconomic status.[6] "When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude . . . and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic processes." *City of Cleburne*, 473 U.S. at 440; *see also Dandridge v. Williams*, 397 U.S. 471, 485 (1970) (applying rational basis review). "Moreover, such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Hodel v. Indiana*, 452 U.S. 314 331-32 (1981).

Because plaintiff does not claim that ORS § 455.055 is facially discriminatory, this Court assesses whether defendants acted with discriminatory intent, i.e., "some invidious or discriminatory purpose." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Id.* (citations omitted).

---

[6] Although not explicit, plaintiff's allegation is most readily amenable to discrimination based upon socio-economic status.

4 – OPINION AND ORDER


Plaintiff makes two claims as to defendants' discriminatory intent; first, plaintiff alleges that defendants' multiple references to "those people," demonstrates discriminatory intent; and second, plaintiff alleges that defendants' discriminatory enforcement of the Certificate of Occupancy requirement demonstrates discriminatory intent. Both of plaintiff's arguments are clearly possible under relevant case law.[7] However, at this time, plaintiff's factual allegations are insufficient to demonstrate that he is likely to succeed on the merits.

## CONCLUSION

For these reasons, plaintiff's motion for preliminary injunctive relief (#12) is DENIED without prejudice. Plaintiff is granted leave to resubmit his motion at a later time.

IT IS SO ORDERED.

DATED this 23rd day of October, 2013.

_____s/ Michael J. McShane_____
Michael J. McShane
United States District Judge

---

[7] For example, as to plaintiff's first claim, Supreme Court case law precludes class animus as a legitimate governmental interest. *United States Dept. of Agric. v. Moreno*, 413 U.S. 528, 534 (1973). Likewise, as to plaintiff's second claim, Supreme Court case law recognizes Fourteenth Amendment violation in the context of disparate application of facially neutral law. *See, e.g.*, *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886).