IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PACIFIC COMMUNITY RESOURCE CENTER et al.**,

        Plaintiffs,

        v.

**CITY OF GLENDALE, OREGON et al.**,

        Defendants.

_____

**Civ. No. 6:13-cv-01272-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Pacific Community Resource Center (PCRC), along with former and current tenants, filed this motion for reimbursement of out-of-pocket expenses, ECF No. ECF No. 74, pursuant to this District's Pro Bono Program Procedures.[1] If plaintiffs prevail on their underlying claims,[2] they are eligible to receive attorney fees and costs, including those costs sought in their reimbursement request. *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1216 n. 7 (9th Cir. 1986) ("[Out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees under section 1988." (citations omitted)). This Court, having previously determined that plaintiffs needed and were qualified to receive Pro Bono Counsel, is reluctant to decline reasonable costs incurred pursuant to that same Pro Bono

---

[1] *See* U.S. DISTRICT COURT OF OREGON, PRO BONO SERVICE OPPORTUNITIES, *available at* http://www.ord.uscourts.gov/index.php/attorneys/pro-bono-panel (last visited July 14, 2014).
[2] Plaintiffs seek equitable relief and damages for alleged violation of the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601 *et seq.*, the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, and ORS § 659A.145.

representation. To find otherwise would discourage attorneys of more limited means from providing pro bono representation.

## <u>CONCLUSION</u>

For these reasons, plaintiffs' motion for reimbursement of out-of-pocket expenses, ECF No. ECF No. 74, is GRANTED. Any amount reimbursed must be repaid to the Attorney Admissions Fund group (Fund) if the case is settled with a payment of money, if fees and costs are awarded (e.g., under 42 U.S.C. § 1988), or if plaintiff is awarded monetary damages. Any obligation to repay the Fund shall not exceed an amount received at settlement or otherwise awarded by this Court.

IT IS SO ORDERED.

DATED this 14th day of July, 2014.

_____s/Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**

2 – OPINION AND ORDER