IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PACIFIC COMMUNITY RESOURCE CENTER et al., | |
| Plaintiffs, | Civ. No. 6:13-cv-01272-MC |
| v. | OPINION AND ORDER |
| CITY OF GLENDALE, OREGON et al., | |
| Defendants. | |

**MCSHANE, Judge**:

Defendants submitted a Bill of Costs, ECF No. 178, seeking various costs amounting to $5,939.15 under 28 U.S.C. § 1920. In response, plaintiffs contend that costs should be waived because they are indigent, or in the alternative, defendants' sought costs should be reduced because they were not necessarily obtained for use in the case. *See* Pls.' Objection to Bill of Costs 1–4, ECF No. 181. For the reasons set forth below, defendant's Bill of Costs, ECF No. 178, is GRANTED.

"Federal Rule of Civil Procedure 54 provides that, in general, costs should be awarded to the prevailing party in a civil action. The general cost statute, 28 U.S.C. § 1920,[1] defines the term

---

[1] 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

1 – OPINION AND ORDER

'costs' as used in Rule 54(d)." *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013) (citations omitted); *see also Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (noting that "there is a strong presumption in favor of awarding costs to the prevailing party" (citation omitted)).

Plaintiffs, in reliance on *Stanley v. University of Southern California*,[2] contend that this Court "must consider the financial resources of the plaintiff and the chilling effect of imposing high costs on losing civil rights plaintiffs of modest means." Pls.' Objection to Bill of Costs 2, ECF No. 181 (citation and internal quotation marks omitted). Plaintiffs' contention was previously rejected in *Save Our Valley v. Sound Transit*.[3] In *Save Our Valley*, the Ninth Circuit held:

> [A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. . . . *Stanley* only held that, in the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs), a district court abuses its discretion by failing to conclude that the presumption has been rebutted. No such injustice will result from the award of $5,310.55 in this case.

335 F.3d at 945. In any event, this Court, having considered plaintiffs' financial means, the merits of their case, and the potential chilling effect on future civil rights litigation, finds that an award of costs will *not* result in severe injustice. *See id.* at 946 ("The district court might have believed that this relatively small sum—$5,310.55—would not 'chill' future civil rights

---

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[2] 178 F.3d 1069 (9th Cir. 1999).
[3] 335 F.3d 932, 944–46 (9th Cir. 2003).

2 – OPINION AND ORDER

litigation." (citation omitted)); *see also Ardalan v. Monterey Inst. of Int'l Studies*, No. C 03-01075 JFPVT, 2004 WL 2047593, at *4 (D. Or. Sept. 14, 2004) ("A sum of $2,838.35 is not an exorbitant amount of costs to tax to the losing party in a case that has been litigated through several rounds of motions, especially when Plaintiff has presented no specific evidence of misconduct on the part of Defendants that would justify setting aside the bill of costs.").

Plaintiffs also contend that defendants' sought costs should be reduced because they were not "necessarily obtained for use in the case." Pls.' Objection to Bill of Costs 3–4, ECF No. 181. The gravamen of this objection is that defendants' costs should be limited to those deposition *pages* actually introduced during dispositive motions or used for impeachment at trial. "This argument is not well taken. In general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995); *see Michaels v. Taco Bell Corp.*, Civ. No. 3:10-cv-1051-AC, 2013 WL 5206347, at *3 (D. Or. Sept. 13, 2013) ("[A] deposition need not be introduced into evidence to be necessary for trial."); *see also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (noting that 28 U.S.C. § 1920(4) "does not specifically require that the copied document be introduced in the record to be an allowable cost" (citations omitted)). "Indeed, in those instances when courts have prohibited the recovery of deposition costs, the prohibition has customarily been predicated on a finding that the deposition was purely investigative in nature or solely for the convenience of counsel." *Frederick*, 162 F.R.D. at 143 (citations omitted).

Defendants seek costs for the following depositions: Larry Caldwell; Jim Standard; William Dausel; William Boal; Karen Mehl; Audina Jephson; William Shepard; Aaron Yuma;

3 – OPINION AND ORDER

Darlene Voegtlin (Billings); Michael Cassidy; Gary Martin; Rebecca Charney (Corbett); Arthur Corbett; David Routenberg; Donald Billings; Mary Stafford, and Gerald Frazier. *See* Defs.' Bill of Costs 2, ECF No. 178. Plaintiffs indicated, in a supplemental witness list submitted on March 4, 2015, that they intended to call all of these witnesses to testify at trial except for William Shepard. *See* Pls.' Witness Statement Reply 1–6, ECF No. 155.[4] Plaintiffs subsequently called Caldwell, Dausel, Boal, Yuma, Voegtlin (Billings), Cassidy, Martin, Charney (Corbett), Corbett, and Mary Stafford. *See* Clerks List of Exs. & Witnesses 17–19, ECF No. 182. Thus, these deposition transcripts were necessarily obtained for trial purposes, e.g., cross-examination and related witness rehabilitation. *See Waggoner v. City of Cottage Grove*, Civ. No. 6:13–cv–00040–TC, at 4 (D. Or. July 25, 2014) (awarding deposition transcript costs where the "testimony was important for cross-examination and related witness rehabilitation").[5]

## CONCLUSION

For these reasons, defendant's Bill of Costs, ECF No. 178, is GRANTED. Defendants are awarded costs in the amount of $5,939.15.

IT IS SO ORDERED.

DATED this 29th day of April, 2015.

*(signature)*

**Michael J. McShane**
**United States District Judge**

---

[4] Plaintiff reported that each of these intended witnesses would testify "consistent with deposition testimony." *See id.*
[5] William Shepard, who was a non-party defense witness, was cross-examined by plaintiffs' counsel. *See* Clerks List of Exs. & Witnesses 18, ECF No. 182. As a result, Shepard's deposition transcript was necessarily obtained for purposes of rehabilitation, and had it been necessary, examination as a hostile witness.

4 – OPINION AND ORDER